IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 4, 2011

Lyle W. Cayce
Clerk

No. 11-10039

In re: JOSEPH F. CLEVELAND, JR.; MELVIN K. SILVERMAN; JOHN P. GILLIG,

Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-MC-0018-A

Before JOLLY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This case involves sanctions entered against a represented client, John P. Gillig, his local counsel, Joseph F. Cleveland, Jr., and his out-of-state counsel, Melvin K. Silverman, admitted in the district court pro hac vice. Following settlement of the underlying case in which Gillig was a party, the district judge entered a sua sponte order on September 10, 2010 (the "September Order"), setting the case for a sanctions hearing and severing the matter of sanctions from the underlying case. The September Order stated: "The court hereby informs the parties that the court is taking judicial notice in connection with the matters to be considered at such hearing all proceedings held, and papers filed,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in Case Nos. 4:04-CV-302-A and 4:08-CV-743-A" (the cases in which Gillig had participated as a client or client representative and Silverman had appeared as counsel; Cleveland was counsel in the latter of those cases).

That order, in turn, referenced a prior July 22, 2010 order of the court (the "July Order") requiring written responses to the court's indication that sua sponte sanctions may be appropriate. The July Order stated: "The court has concluded that it should not turn a blind eye to the conduct of . . . Gillig . . . and their counsel in twice presenting to the court, and advocating, a false declaration . . . ." The challenged declaration by Gillig in turn accused the district judge of certain comments and behavior. The "twice presenting" referred to a response in opposition to a motion to transfer 4:08-CV-743-A to that district judge's court and a motion to recuse that judge. In other words, the entirety of the conduct at issue was based upon whether or not the district judge said and did the things of which Gillig accused him (and the propriety of the lawyers' "advocating" of Gillig's testimony) against a backdrop of Gillig trying to prevent that judge from presiding over his case. In the July Order, the district judge stated: "The court judicially knows that the undersigned did not say the things Gillig stated in his declaration . . . ." The July Order goes on to examine the statements and state matters such as "no such thing occurred." The order indicated that the judge perceived that Gillig had made false accusations against the judge and that the lawyers, in turn, had intentionally or negligently sponsored the false testimony.

The sanctions hearing ordered in the September Order was conducted by the same district judge who entered the July Order and September Order. During that hearing, the judge repeatedly questioned the witnesses about the judge's own statements and conduct. Following the hearing, the same district judge entered an order on January 5, 2011 (as corrected on January 12, 2011)(the "January Order") sanctioning Gillig, Cleveland, Silverman, and

another attorney who did not appeal. The January Order is the subject of the current appeal.

Under 28 U.S.C. §455(b)(1), a judge "shall . . . disqualify himself . . . [w]here he has . . . personal knowledge of disputed evidentiary facts concerning the proceeding." Further, under §455(e), "[n]o judge . . . shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b)." Under the particular and peculiar facts of this case, we conclude that the district judge was disqualified from presiding over the sanctions hearing and entering the January Order.

Accordingly, without considering the merits, we VACATE the January Order and REMAND to the district court for assignment to a different judge to consider the question of sanctions presented by the July Order and the September Order.